# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
December 11, 2013 Session

## STATE OF TENNESSEE v. MOHAMMED R. ISLAM

**Appeal from the Criminal Court for Davidson County**
**No.  2011-D-3738        Steve Dozier, Judge**

---

**No.  M2013-01182-CCA-R3-CD - Filed March 27, 2014**

---

In the October 2011 term, Appellant, Mohammed Rafiqul Islam, was indicted by the Davidson County Grand Jury for two counts of especially aggravated kidnapping, three counts of aggravated assault, one count of aggravated burglary, and four counts of violation of an order of protection.  Appellant pled guilty to two counts of kidnapping, three counts of aggravated assault, one count of aggravated burglary, and one count of violating an order of protection.  The trial court sentenced Appellant to an effective sentence of fifteen years.  On appeal, Appellant argues that the trial court erred in setting the length of the sentence, in denying alternative sentencing, and in imposing consecutive sentences.  After a thorough review of the record, we conclude that there was no abuse of discretion.  Therefore, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Trial Court are Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE MCMULLEN, JJ., joined.

Glenn R. Funk, Nashville, Tennessee, for the appellant, Mohammed R. Islam.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel Harmon, Assistant Attorney General; Victor S. Johnson, III, District Attorney General, and Chris Buford, Assistant District Attorney General, for the appellant, State of Tennessee.

## OPINION

### *Factual Background*

Appellant pled guilty to two counts of kidnapping, three counts of aggravated assault, one count of aggravated burglary, and one count of violating an order of protection. At the guilty plea, the following stipulated facts were presented:

[O]n August 31st, 2011 . . . here in Nashville, Davidson, County, [Appellant] entered that residence by means of which are unknown to the victim. He confronted [the victim's] mother . . . . And he had on gloves and was in possession[] of other items including knives, and cut rope, duct tape. He found [the victim's mother] and put her in a bedroom.

When the children arrived home, they were able to release her from her bonds. But before that could happen, . . . – he convinced the children to call [the victim], have her to come home. When she came home, there was an altercation that occurred between she and [Appellant] where he attempted to bind her. He did in fact bind her by her hands and then used some items to bind over her mouth. She was able eventually to get free.

And by that point in time [Appellant's] sister called the police when she detected something was going on. The police arrive [to] find [Appellant] in the same vicinity of [the victim] and also in that same vicinity [were] a folding knife, some handcuffs and some gloves.

. . . .

Indeed there was an order of protection that prohibited him from being around [the victim] and at the residence . . . .

Following the entry of his guilty plea, the trial court conducted a sentencing hearing. After hearing the evidence, the trial court filed a sentencing order. The trial court sentenced Appellant to five years for each of the kidnapping convictions, five years for each of the aggravated assault convictions, five years for the aggravated burglary conviction, and eleven

months and twenty-nine days for the violation of an order of protection conviction. The effective sentence was fifteen years after some sentences were ordered to run consecutively.

## ANALYSIS

### Length of Sentence

Appellant argues that the trial court erred in setting the length of his sentences because "the fifteen year sentence is not consistent with [the] principles and purposes [of sentencing]."

Appellate review of sentencing decisions is now based on an abuse of discretion standard. This Court must apply "a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012).

In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, first determines the range of sentence and then determines the specific sentence and the appropriate combination of sentencing alternatives by considering: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts regarding sentences for similar offenses; (7) any statements the defendant wishes to make in the defendant's behalf about sentencing; and (8) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-210(a), (b), -103(5); *State v. Williams*, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995).

The trial court is still required to place on the record its reasons for imposing the specific sentence, including the identification of the mitigating and enhancement factors found, the specific facts supporting each enhancement factor found, and the method by which the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. *See Bise*, 380 S.W.3d at 706 n.41; *State v. Samuels*, 44 S.W.3d 489, 492 (Tenn. 2001). Thus, a sentence should be upheld so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute.

The trial court found that three enhancement factors applied: (1) [t]he defendant has a previous history of criminal convictions or criminal behavior; (8) [t]he defendant has failed to comply with the conditions of a sentence involving release into the community; and (10)

[t]he defendant had no hesitation about committing a crime when the risk to human life was high. The trial court determined that no mitigating factors applied.

After a review of the transcript from the sentencing hearing and the written order entered by the trial court, it is clear that the trial court considered the nature and characteristics of the criminal conduct involved, Appellant's history and background, the mitigating and enhancement factors, and the principles of sentencing. We conclude that the trial court properly applied the principles and purposes of the Sentencing Act. See *Bise*, 380 S.W.3d at 707. The trial court did not abuse its discretion in determining the length of each sentence.

## Alternative Sentence

Appellant also argues that the trial court erred in denying his request for alternative sentencing.

The abuse of discretion standard of review is also applicable to "questions related to probation or any other alternative sentence." *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012). Thus, in reviewing a trial court's denial of an alternative sentence, the denial is presumptively reasonable so long as the sentence "reflect[s] a decision based upon the purposes and principles of sentencing." *Id.* The party appealing the sentence has the burden of demonstrating its impropriety. T.C.A. § 40-35-401, Sent'g Comm'n Cmts.; *see also State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

As a result of the 2005 sentencing amendments, a defendant is no longer presumed to be a favorable candidate for alternative sentencing. *State v. Carter*, 254 S.W.3d 335, 347 (Tenn. 2008) (citing T.C.A. § 40-35-102(6)). While a presumption no longer exists, an especially mitigated or standard offender convicted of a Class C, D, or E felony is still considered a "favorable candidate" for alternative sentencing in the absence of evidence to the contrary. *Id.* A defendant is eligible for an alternative sentence if his sentence is ten years or less. T.C.A. § 40-35-303.

In determining a defendant's suitability for a non-incarcerative sentencing alternative, the trial court should consider whether:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant . . . .

T.C.A. § 40-35-103(1)(A)-(C).

The court should also consider the defendant's potential for rehabilitation or treatment in determining the appropriate sentence. T.C.A. § 40-35-103(5). In choosing among possible sentencing alternatives, the trial court should also consider Tennessee Code Annotated section 40-35-103(5), which states, in pertinent part, "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." T.C.A. § 40-35-103(5); *State v. Dowdy*, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994).

In its order, the trial court made the following findings with regard to alternative sentencing:

The Court finds that the defendant has shown no regard for court orders and has violated the order of protection numerous times before, and there is nothing the Court can do to guarantee the victim's safety if the defendant is placed on alternative release. The Court further finds that the defendant has previously violated the terms of probation. Therefore, the Court finds the defendant is not an appropriate candidate for alternative sentencing based upon the violent nature of the crime, the defendant's history of domestic abuse, and previous noncompliance with the terms of probation.

According to the evidence at the sentencing hearing, Appellant was on probation at the time he committed the offenses at hand. Furthermore, there was also evidence that the victim had an order of protection in place for a few years, and Appellant repeatedly violated the order. There is ample evidence to support the trial court's denial of an alternative sentence. We conclude that there was no abuse of discretion.

**Consecutive Sentence**

Appellant also argues that the trial court erred in ordering that Appellant serve his sentences consecutively.

Under Tennessee Code Annotated section 40-35-115(a), if a defendant is convicted of more than one offense, the trial court shall order the sentences to run either consecutively or concurrently. A trial court may impose consecutive sentencing upon a determination that one or more of the criteria set forth in Tennessee Code Annotated section 40-35-115(b) exists. This section permits the trial court to impose consecutive sentences if the court finds, among other criteria, that, "(2) The defendant is an offender whose record of criminal activity is extensive; . . . (4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high; . . . (6) The defendant is sentenced for an offense committed while on probation . . . ." T.C.A. § 40-35-115(b)(2), (4), (6). When imposing a consecutive sentence, a trial court should also consider general sentencing principles, which include whether or not the length of a sentence is justly deserved in relation to the seriousness of the offense. *See State v. Imfeld*, 70 S.W.3d 698, 708 (Tenn. 2002). Our supreme court recently held that the standard of appellate review for consecutive sentencing is abuse of discretion accompanied by a presumption of reasonableness. *State v. James Allen Pollard*, No. M2011-00332-SC-R11-CD, ___ S.W.3d ___, 2013 WL 6732667, at *9 (Tenn. Dec. 20, 2013).

Before ordering the defendant to serve consecutive sentences on the basis that he is a dangerous offender, the trial court must find that the resulting sentence is reasonably related to the severity of the crimes, necessary to protect the public against further criminal conduct, and in accord with the general sentencing principles. *See Imfeld*, 70 S.W.3d at 708-09; *State v. Wilkerson*, 905 S.W.2d 933, 938-39 (Tenn. 1995).

The trial court made the following findings:

> In this case, the Court finds that the defendant is an offender whose record of criminal activity is extensive. The Court accredits the testimony of [the victim] that she was abused by the defendant for approximately twelve years. The Court finds that the defendant is a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high. *State v. Wilkerson*, 905 S.W.2d 933 (Tenn. 1995). Further, the Court finds that the defendant was on probation for Domestic Assault at the time of this offense.

The Court finds that these factors apply and the aggregate sentence is necessary to avoid depreciating the seriousness of this offense and is necessary to protect the victim from further serious criminal conduct by this defendant. The Court finds that consecutive sentencing is reasonably related to the severity of the offense based upon the fact that the defendant handcuffed [the victim], tied [the victim's mother's] hands and feet and put tape over her mouth, placed them in fear for their lives, and he did all of these things in front of two of his children.

In the case at hand, the trial court found three factors in support of consecutive sentences, Appellant had an extensive criminal history, Appellant committed the offense while on probation, and Appellant was a dangerous offender. Only one factor is necessary to support the imposition of consecutive sentences. *State v. Black*, 924 S.W.2d 912. 917 (Tenn. Crim. App. 1995).

As stated above, the evidence showed that Appellant was on probation at the time he committed the offense. This factor alone support the imposition of consecutive sentences. Furthermore, the trial court specifically found that Appellant's criminal history was extensive because of the twelve years he abused his wife. This conclusion is also supported by the record. The trial court considered all of the factors set out in *Wilkerson* that must be considered when imposing consecutive sentences based upon the conclusion that the defendant is a dangerous offender. These findings are also supported by the record. Therefore, we conclude that there was no abuse of discretion in the imposition of consecutive sentences.

## CONCLUSION

For the foregoing reasons, we affirm the judgments of the trial court.

_____
JERRY L. SMITH, JUDGE